**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RGN-US IP, LLC and Regus Management Group, LLC | § | |
| | § | Civil Action No. |
| | § | |
| Plaintiffs, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| WeWork Companies Inc., | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

RGN-US IP, LLC ("RGN") and Regus Management Group, LLC ("Regus Management") (collectively "Plaintiffs") bring this action against WeWork Companies Inc. ("Defendant" or "WeWork") and allege as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for infringement of RGN's well-known mark, including its incontestable federally-registered trademark "HQ" (the "HQ Mark") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for substantial and related claims of trademark infringement under the statutory and common laws of the State of Texas, and for tortious interference with Regus Management's business relations, all arising from the Defendant's unauthorized use of the HQ Mark in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendant's office space rentals and associated services.

2. Plaintiffs seek injunctive and monetary relief.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of these claims under the provisions of 28 U.S.C. §§ 1331 and 1338 in that Plaintiff RGN's claims arise under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, and present a federal question involving unfair competition and trademarks. This Court has jurisdiction over the state law and common law claims of the Plaintiffs in this action under 28 U.S.C. §1367(a) because the state law and common law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Defendant WeWork transacts business within Texas and in this judicial district by, *inter alia*, managing multiple office space rentals in Texas and this district, advertising in Texas and this judicial district, marketing in Texas and this judicial district, soliciting consumers from Texas and this judicial district, serving consumers from Texas and this judicial district, and/or otherwise doing business in Texas and in this judicial district. Defendant WeWork currently has two locations in this division with a third soon to open.

5. Defendant has further transacted and/or transacts business within Texas and in this judicial district by, *inter alia*, providing a website for its goods/services and therein offering and providing its goods/services nationwide, including in Texas and this judicial district, and specifically targeting consumers and prospective clients from Texas and this judicial district. Specifically, WeWork's website markets two locations of rental office space in this division: one in Uptown Dallas, and one in Thanksgiving Tower in Downtown Dallas. The website also notes that a third location is planned for Victory Plaza.

6. Through, *inter alia*, the use of a confusingly similar trademark to the HQ Mark, Defendant's tortious activity has been specifically targeted at RGN and Regus Management and

their businesses in Texas and this judicial district, and Defendant has intentionally attempted to cause confusion with Plaintiffs or create a false association with Plaintiffs in Texas and this judicial district, in a willful attempt to damage Plaintiffs and their businesses in Texas and this judicial district, and misappropriate Plaintiffs' clients and consumers in Texas and this judicial district.

7. Personal jurisdiction exists over Defendant WeWork because it conducts business through its thirteen offices located in Texas, two of which are located in this division, or otherwise avails itself of the privileges and protections of the laws of Texas and this district such that it does not offend traditional notions of fair play and due process to subject Defendant to the jurisdiction herein.

8. Defendant also is subject to personal jurisdiction in this District because Defendant's specific and intentional tortious conduct complained of herein has and is specifically targeted to Texas, with the purpose of interfering with Plaintiffs' businesses and sales originating in Texas, and has purposely inflicted commercial and reputational harm to Plaintiffs in Texas.

9. Venue is proper in this District under, *inter alia*, the provisions of 28 U.S.C. § 1391, because, upon information and belief, a substantial part of the events giving rise to this complaint occurred in this district.

## III. PARTIES

10. Plaintiff RGN-US IP, LLC is a Delaware limited liability corporation, and has its principal place of business at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

11. Plaintiff Regus Management Group, LLC is a Delaware limited liability corporation, and has its principal place of business at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

12. Defendant WeWork is a Delaware corporation, and has its principal place of business at 115 West 18th Street, 2nd Floor, New York, NY 10011. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC - Lawyer's Incorporating Service Company, which is located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV. FACTUAL BACKGROUND

### A. WeWork's Tactics of Competition with IWG

13. RGN and Regus Management, along with their ultimate parent company IWG Plc and its affiliates (collectively, "IWG"), are the world's largest provider of outsourced workplaces for companies of any size. IWG has over 3,000 business centers in 120 countries. WeWork, which directly competes with IWG in the office space rental industry, has recently been employing a number of strategies to encroach upon IWG's clientele and industry position. Upon information and belief, WeWork recently raised billions of dollars of venture capital funds, and has been using that cash inflow to poach customers from rival office space rental companies. Upon information and belief, WeWork has been offering commercial real estate brokers a 100 percent commission upon a first year of rent if the broker can entice a customer to switch their office space rentals from a competitor (like IWG) to WeWork. Furthermore, upon information and belief, WeWork has been cold-calling tenants that rent office space from IWG and has offered them a 50-percent discount on their first year's rent if they switch to WeWork.

14. WeWork has recently announced a new product called HQ by WeWork aimed at medium-sized companies that are consumers of office space rentals. Upon information and belief, this program is also aimed at enticing rental space customers away from IWG. Indeed,

the term "HQ" is a long held trademark of RGN and is associated with Plaintiffs' products in the marketplace.

**B. RGN and its HQ Mark**

15. In 2004, global workspace provider IWG acquired HQ Global Workplaces, along with the registered trademark owner of record, HQ Network Systems, LLC ("HQ Network"), at which time the HQ Mark was already well known in the office space rental industry. The HQ Mark was subsequently assigned to RGN and is licensed to Regus Management.

16. The HQ Mark and various versions of the mark have been used by HQ Network and its predecessors, RGN, and Regus Management in interstate commerce continuously since at least February, 1977 in connection with its rental of executive office space and associated services. Currently, Regus Management advertises its "HQ Global Workplaces" brand, featuring the well-established HQ Mark, as offering companies the ability to rent business-ready offices, meeting rooms, and virtual offices.

17. On September 23, 1988, HQ Network applied for federal protection of the HQ Mark with the United States Patent and Trademark Office ("USPTO"), and subsequently U.S. Trademark U.S. Registration No. 1,586,038 was issued on March 6, 1990.

18. On May 31, 2014, HQ Network assigned its registered trademark No. 1,586,038 to RGN.

19. On May 31, 2014, RGN entered into a nonexclusive license agreement with Regus Management granting it the right to use the HQ Mark.

20. RGN's registered HQ Mark has been used in various iterations in commerce, including the standard characters "HQ" and the letters "HQ" next to a globe, which have been in

use in interstate commerce since January 1980 and are currently pending federal trademark recognition, pursuant to Trademark Applications 88072146 and 88072244, respectively.

21. U.S. Trademark U.S. Registration No. 1,586,038 for the HQ Mark is valid and subsisting, has not been cancelled, and constitutes *prima facie* evidence of the validity of the HQ Mark. A true and correct copy of the registration certificate is attached hereto and incorporated herein as Exhibit A.

22. The agreement assigning the HQ Mark to RGN constitutes *prima facie* evidence of RGN's ownership of the HQ Mark.

23. The agreement in which RGN has granted Regus Management a license to use the HQ Mark constitutes *prima facie* evidence of Regus Management's right to use the HQ Mark in commerce.

24. By virtue of HQ Network's federal registration, Defendant has been at least on constructive notice of the HQ Mark since the filing of U.S. Trademark U.S. Registration No. 1,586,038 in 1988.

25. U.S. Trademark U.S. Registration No. 1,586,038 has become incontestable pursuant to 15 U.S.C. § 1065.

26. The registered domain name www.hq.com, prominently features the HQ Mark, and through this website, Plaintiffs have built a substantial web presence for the HQ Mark.

27. Because of Plaintiffs' substantial expenditures on advertising, the HQ Mark enjoys widespread recognition in the United States and worldwide, and is associated in the minds of the general consuming public of related services with rentals of executive office spaces and associated services.

28. As a result of its distinctiveness and widespread use and promotion throughout the United States, the HQ Mark is a famous trademark within Texas and the United States, and became famous prior to the acts of the Defendant alleged herein.

29. Plaintiffs have expended extensive time and resources over the last thirty-eight plus years in advertising, promoting, and developing the HQ Mark, through extensive advertising and promotion of its goods and services throughout the United States including in this judicial district. As a result of such advertising and expenditures, the relevant public has come to identify all such goods and services offered under the HQ Mark as coming from Plaintiffs alone. The goodwill and reputation associated with Plaintiffs in connection with the well-known HQ Mark is of significant monetary value to Plaintiffs.

**C. Defendant's Unlawful Activities**

30. Upon information and belief, Defendant WeWork is engaged in providing office space rentals in the cities of Dallas, TX, Fort Worth, TX, Plano TX, Austin, TX, and Houston, TX.

31. Without Plaintiffs' authorization, and upon information and belief, beginning after Plaintiffs acquired protectable exclusive rights in the HQ Mark, Defendant adopted and began using a confusingly similar name and mark "HQ by WeWork" for similar or nearly identical goods and services as those identified with the HQ Mark, within Texas, this judicial district, and elsewhere. Upon information and belief, Defendant has registered the domain name www.wework.com, and a screenshot of Defendant's website showing its infringing use is attached hereto and incorporated herein as Exhibit B.

32. Defendant has engaged in advertising, marketing, promoting, offering for sale, and selling office rental services using the HQ Mark and name in commerce throughout the United States. Upon information and belief, on August 8, 2018, Defendant began advertising

office rental services on its website as "HQ by WeWork." *See* Exhibit B. Upon information and belief, Defendant has advertised this as a flexible workspace offering targeted at medium-sized businesses looking to rent private and personalized office space.

33. Upon information and belief, Defendant also extensively uses social media, including Twitter to interact and communicate with consumers and potential consumers across the nation. A screenshot of Defendant's Twitter feed showing its infringing use is attached hereto and incorporated herein as Exhibit C.

34. Defendant's infringing use of the confusingly similar name and mark HQ by WeWork for similar or nearly identical goods and services of Plaintiffs has been targeted at Plaintiffs and their businesses in Texas; has been with at least constructive knowledge of Plaintiffs' use of the HQ Mark, their goods, and services and their businesses in Texas; and has damaged Plaintiffs, their businesses, and their goodwill in Texas.

35. Defendant's goods and services are marketed, offered and/or provided, including through its website, and social media, in the same, overlapping or close geographic locations wherein Plaintiffs' goods and services are marketed, offered and/or provided to the same prospective customers, consumers, industry personnel and decision makers who would consume and/or use Plaintiffs' and Defendant's respective goods and services, including by Defendant in Texas and this judicial district. Thus, it is likely that these consumers and decision makers will be confused, deceived and/or mistaken as to the origin of these goods and services or affiliation between the parties hereto.

36. The use by Defendant of the name and mark HQ, including without limitation as part of the mark HQ by WeWork, for similar or nearly identical goods and services as the HQ Mark diverts web traffic and constitutes a misappropriation of RGN's goodwill. Defendant's

infringing use further dilutes the distinctiveness of and damages RGN's well-known name and mark, and is likely to confuse or deceive customers, consumers, industry personnel and the general public as to the source of Defendant's goods and services, and/or as to the sponsorship, affiliation and/or connection with Plaintiffs and/or their good and services, and, has and will continue to create the impression that Plaintiffs are responsible for the quality of the services offered or provided by Defendant when Plaintiffs are not.

37. Customers, consumers, industry personnel and the general public using internet search engines looking to find the website www.hq.com, or searching for information regarding Plaintiffs' goods and services, are likely to be confused or misdirected to the Defendant WeWork's website www.wework.com/plans/private-office/hq-by-wework, and are likely to mistakenly believe that Plaintiffs are affiliated with, sponsor or are otherwise associated with Defendant WeWork when Plaintiffs are not.

38. Indeed, although HQ by WeWork was only announced approximately a month ago, upon information and belief, some reporters have already begun to drop the "by WeWork" language and refer to the WeWork product as exclusively HQ, further increasing the likelihood of confusion.

39. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of RGN's HQ Mark, and cause confusion and deception in the marketplace of Plaintiffs' goods and services to the Defendant.

40. Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to RGN and to its valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

**FIRST CLAIM FOR RELIEF:**
**Federal Trademark Infringement**

41. Plaintiff RGN realleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

42. Defendant's unauthorized use in commerce of the mark HQ, including without limitation as part of the mark HQ by WeWork, as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of RGN's prior rights in the HQ Mark and with the willful intent to cause confusion and trade on RGN's goodwill.

44. Defendant's conduct is causing immediate and irreparable harm and injury to RGN, and to its goodwill and reputation, and will continue to both damage RGN and confuse the public unless enjoined by this court. RGN has no adequate remedy at law.

45. RGN is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF:**
**Federal Unfair Competition and False Designation of Origin**

46. Plaintiffs RGN and Regus Management reallege and incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

47. Defendant's unauthorized use in commerce of the mark HQ, including without limitation as part of the mark HQ by WeWork, as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

48. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs.

49. Upon information and belief, Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendant's HQ by WeWork product, its website, and associated services.

50. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputations, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

52. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF:
## Texas Anti-Dilution Statute – Tex. Bus. & Com. Code § 16.103

53. Plaintiff RGN realleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

54. The HQ Mark has been in use for over thirty-eight years and has achieved public recognition and strong brand awareness.

55. Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the HQ Mark has become and continues to be famous and distinctive throughout the State of Texas.

56. Defendant's use of the mark HQ, including without limitation as part of the mark HQ by WeWork, began after the HQ Mark became famous and distinctive.

57. Defendant's unauthorized use is likely to dilute the distinctive quality of the HQ Mark and to decrease the capacity of that mark to identify and distinguish the goods and services associated with the HQ Mark, and is likely to cause harm to RGN's business reputation.

58. Defendant's unauthorized use constitutes trademark dilution in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.103.

59. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of RGN's prior rights in the HQ Mark and with the willful intent to deceive and mislead the public and cause harm to RGN.

60. As a result of Defendant's unlawful acts, RGN has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

61. Unless enjoined by this Court, the acts of Defendant complained of herein will cause RGN to suffer irreparable harm for which there is no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF:**
**Trademark Infringement – Texas Common Law**

62. Plaintiff RGN realleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

63. Use of the HQ Mark by RGN or its predecessors in interest predates any alleged use by Defendant.

64. Defendant's conduct as alleged herein constitutes trademark infringement in violation of common law.

65. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with RGN.

66. As a result of Defendant's unlawful acts, RGN has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

67. Unless enjoined by this Court, the acts of Defendant complained of herein will cause RGN to suffer irreparable harm for which there is no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:**
**Unfair Competition – Texas Common Law**

68. Plaintiffs RGN and Regus Management reallege and incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendant's conduct as alleged herein constitutes unfair competition in violation of common law.

70. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs.

71. As a result of Defendant's unlawful acts, Plaintiffs have suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**SIXTH CLAIM FOR RELIEF:**
**Tortious Interference with Prospective Relations – Texas Common Law**

72. Plaintiff Regus Management realleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

73. Regus Management had and continues to have prospective business relations with prospective customers who seek out its office rentals and associated goods and services ("Third-party Customers").

74. A reasonable probability existed and/or exists that Regus Management would have entered into a business relationship with the Third-party Customers. These Third-party Customers likely have searched and/or continue to search business directories, the internet, and like sources for HQ in search of Regus Management's office rentals but inadvertently land upon Defendant's website due to Defendant's unauthorized use of the HQ Mark.

75. Upon information and belief, Defendant has in the past and continues to intentionally interfere with Regus Management's relationship with the Third-party Customers through Defendant's use of the name and mark HQ, including without limitation as part of the mark HQ by WeWork, with a conscious desire to prevent Regus Management from entering into a relationship with Third-party Customers, and/or Defendant knew that its interference was certain or substantially certain to occur as a result of its conduct.

76. Defendant's interference proximately caused damages to Regus Management in the form of lost profits, resulting in actual damages.

77. Accordingly, Regus Management hereby sues Defendant for tortious interference with prospective relations and seeks a judgment in excess of the minimum jurisdictional limits of the Court.

78. Upon information and belief, because Defendant's tortious actions were committed with a specific intent to cause substantial injury or harm to Regus Management, its actions constitute malice, and Regus Management hereby seeks exemplary damages related to tortious interference with prospective relations.

## V. DEMAND FOR JURY TRIAL

79. Plaintiffs demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiffs request judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).
2. That Defendant has violated Tex. Bus. & Com. Code § 16.103 and Texas common law.
3. That Defendant has tortiously interfered with the prospective relations between Regus Management and its prospective customers.
4. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:
   a. selling, marketing, advertising, promoting or authorizing any third party to sell, market, advertise or promote office space rental and associated services or real estate services bearing the mark HQ, including without limitation as part of the mark HQ by WeWork, or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation or colorable imitation of RGN's HQ Mark;

b. engaging in any activity that infringes RGN's rights in the HQ Mark;

c. engaging in any activity constituting unfair competition with Plaintiffs;

d. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's office space rental services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiffs or (ii) Plaintiffs' office space rentals or associated services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and services with Plaintiffs or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, doing business as or other source identifier or symbol of origin consisting of or incorporating the mark HQ, including without limitation as part of the mark HQ by WeWork, or any other mark that infringes or is likely to be confused with RGN's HQ Mark, or any goods or services of Plaintiffs, or Plaintiffs as their source; and

g. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiffs or constitute or are connected with Plaintiffs' office space rentals and associated services.

6. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all advertisements, domain names, websites, social media pages, and other materials that feature or bear any designation or mark incorporating the mark HQ, including without limitation as part of the mark HQ by WeWork, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of RGN's HQ Mark, and to direct all agents and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all advertisements, and other materials featuring or bearing the mark HQ, including without limitation as part of the mark HQ by WeWork, or any other mark that is a counterfeit, copy, simulation, confusingly similar

variation, or colorable imitation of RGN's HQ Mark, and to immediately remove them from public access and view.

7. Directing that Defendant recall and deliver up for destruction or other disposition all advertisements, promotions, signs, displays, domain names and related materials incorporating or bearing the mark HQ, including without limitation as part of the mark HQ by WeWork, or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of RGN's HQ Mark.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff RGN an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant accounts to and pays over to Plaintiff RGN all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate RGN for the damages caused thereby.

11. Awarding RGN punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

12. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding RGN its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13. Awarding RGN interest, including prejudgment and post-judgment interest, on the foregoing sums.

14. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Yvette Ostolaza

Yvette Ostolaza
State Bar No. 00784703
yvette.ostolaza@sidley.com
Paige Holden Montgomery
State Bar No. 24037131
pmontgomery@sidley.com
Mitchell Brant Feinberg
State Bar No. 24105852
mitchell.feinberg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)

*ATTORNEYS FOR RGN-US IP, LLC AND REGUS MANAGEMENT GROUP, LLC*