**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RGN-US IP, LLC and Regus Management Group, LLC,<br><br>      Plaintiffs,<br><br> - against -<br><br>WeWork Companies Inc.,<br><br>      Defendant. | Civil Action No. 3:18-cv-02482-N |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant WeWork Companies Inc. ("WeWork"), by and through the undersigned counsel, hereby Answers the Complaint in this action as follows:

**I. PRELIMINARY STATEMENT**

1. States that the allegations contained in ¶ 1 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Plaintiffs purport to assert claims based on 15 U.S.C. §§ 1114(1) and 1125(a) and unspecified statutory and common laws of the State of Texas, but denies the merits and sufficiency of the claims asserted in the Complaint.

**1. Plaintiffs seek injunctive and monetary relief.**

2. States that the allegations contained in ¶ 2 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Plaintiffs purport to seek injunctive and monetary relief.

## II.     JURISDICTION AND VENUE

3.      States that the allegations contained in ¶ 3 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that this Court has subject matter jurisdiction as to Plaintiffs' claims.

4.      States that the allegations contained in ¶ 4 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that WeWork has two office space locations in Dallas, Texas, and recently announced a third location in Dallas, Texas.

5.      States that the allegations contained in ¶ 5 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that WeWork has a website available at www.wework.com, which is generally accessible in the United States, and that WeWork lists on its website its various office space locations, including one in Uptown Dallas and one in Thanksgiving Tower, and a planned location in Victory Plaza.

6.      Denies the allegations contained in ¶ 6 of the Complaint.

7.      States that the allegations contained in ¶ 7 of the Complaint are conclusions of law as to which no response is necessary, but to the extent a response is required, denies that WeWork has thirteen open locations in Texas.

8.      States that the allegations contained in ¶ 8 of the Complaint are conclusions of law as to which no response is necessary, but to the extent a response is required, denies the same, except admits that WeWork is headquartered in New York and has open locations in Texas.

9. States that the allegations contained in ¶ 9 of the Complaint are conclusions of law as to which no response is necessary, but to the extent a response is required, denies the same, except admits that WeWork has open locations in Texas.

### III.   PARTIES

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 10 of the Complaint and therefore denies the same.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 11 of the Complaint and therefore denies the same.

12. Admits the allegations contained in ¶ 12 of the Complaint.

### IV.   FACTUAL BACKGROUND

**A.    WeWork's Tactics of Competition with IWG**

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in the first and second sentences of ¶ 13 of the Complaint and therefore denies the same; admits that WeWork provides office space as a service, that WeWork has raised money through venture capital funds, and that WeWork offers lawful incentives to encourage potential customers to choose WeWork for its office space needs; and denies the remaining allegations contained in ¶ 13 of the Complaint.

14. Admits that on August 8, 2018, WeWork used the phrase "HQ by WeWork" when it announced a new offering to design office headquarters for third-party medium-sized businesses; denies knowledge or information sufficient to form a belief as to the allegations contained in the third sentence of ¶ 14 of the Complaint and therefore denies the same; and denies the remaining allegations contained in ¶ 14 of the Complaint.

**B.     RGN and its HQ Mark**

15.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 15 of the Complaint and therefore denies the same.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 16 of the Complaint and therefore denies the same.

17.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 17 of the Complaint and therefore denies the same, except admits that the U.S. Patent and Trademark Office's online records indicate that U.S. Registration No. 1,586,038 was applied for on September 23, 1988 and registered on March 6, 1990.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 18 of the Complaint and therefore denies the same.

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 19 of the Complaint and therefore denies the same.

20.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 20 of the Complaint and therefore denies the same, except that admits that the U.S. Patent and Trademark Office's online records indicate that Application Serial Nos. 88/072,146 and 88/072,244 were recently filed on August 9, 2018.

21.      States that the allegations contained in ¶ 21 of the Complaint are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies the same, except admits that Exhibit A to the Complaint appears to contain U.S. Trademark Registration No. 1,586,038, which document speaks for itself.

22. States that the allegations contained in ¶ 22 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

23. States that the allegations contained in ¶ 23 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

24. States that the allegations contained in ¶ 24 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

25. States that the allegations contained in ¶ 25 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

26. States that the allegations contained in ¶ 26 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to whether Plaintiffs have built a substantial web presence for the HQ Mark through www.hq.com; and denies the remaining allegations contained in ¶ 26 of the Complaint.

27. States that the allegations contained in ¶ 27 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

28. States that the allegations contained in ¶ 28 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in the first and third sentences of ¶ 29 of the Complaint, and therefore denies the same; states that the allegations contained in the second sentence of ¶ 29 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

### C.   Defendant's Unlawful Activities

30. Denies the allegations contained in ¶ 30 of the Complaint, except admits that WeWork has open office locations in Dallas, Texas; Forth Worth, Texas; Plano, Texas; Austin, Texas; and Houston, Texas.

31. States that the allegations contained in the first sentence of ¶ 31 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same, except admits that WeWork has used the phrase "HQ by WeWork" in connection with offering services to source, design and build out headquarters for third-party medium-sized businesses, which use such third-party businesses' own branding; and denies the allegations contained in the second sentence of ¶ 31, except admits that WeWork owns the domain name [www.wework.com](www.wework.com), and that Exhibit B to the Complaint contains a copy of a web page from WeWork's website, which document speaks for itself.

32. States that the allegations contained in the first sentence of ¶ 32 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same; admits that on August 8, 2018, WeWork began using the phrase "HQ by WeWork" in connection with offering services to source, design and build out headquarters for third-party medium-sized businesses, which use such third-party businesses' own branding; further admits that Exhibit B to the Complaint contains a copy of a web page from WeWork's

website, which document speaks for itself; and denies the remaining allegations in ¶ 32 of the Complaint.

33. States that the allegations contained in ¶ 33 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same, except admits that WeWork uses social media, including Twitter, to interact and communicate with consumers and potential consumers in the United States, and that Exhibit C contains a copy of a post on WeWork's Twitter feed.

34. States that the allegations contained in ¶ 34 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

35. Denies knowledge sufficient to form a belief as to the allegations contained in the first sentence of ¶ 35 to the Complaint, and therefore denies the same; states that the allegations contained in the second sentence of ¶ 35 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

36. States that the allegations contained in ¶ 36 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

37. States that the allegations contained in ¶ 37 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 38 of the Complaint, and therefore denies the same; and states that the allegations

contained in the last clause of ¶ 38 are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

39. States that the allegations contained in ¶ 39 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

40. States that the allegations contained in ¶ 40 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## FIRST CLAIM FOR RELIEF:
### Federal Trademark Infringement

41. Repeats and incorporates herein its responses to ¶¶ 1–40 of the Complaint as set forth above as if repeated here in their entireties.

42. States that the allegations contained in ¶ 42 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

43. States that the allegations contained in ¶ 43 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

44. States that the allegations contained in ¶ 44 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

45. States that the allegations contained in ¶ 45 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## SECOND CLAIM FOR RELIEF:
### Federal Unfair Competition and False Designation of Origin

46. Repeats and incorporates herein its responses to ¶¶ 1–45 of the Complaint as set forth above as if repeated here in their entireties.

47. States that the allegations contained in ¶ 47 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

48. States that the allegations contained in ¶ 48 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

49. States that the allegations contained in ¶ 49 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

50. States that the allegations contained in ¶ 50 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

51. States that the allegations contained in ¶ 51 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

52. States that the allegations contained in ¶ 52 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

### THIRD CLAIM FOR RELIEF:
### Texas Anti-Dilution Statute – Tex. Bus. & Com. Code § 16.103

53. Repeats and incorporates herein its responses to ¶¶ 1–52 of the Complaint as set forth above as if repeated here in their entireties.

54. Denies knowledge or information sufficient to form a belief as to the length of time that the alleged HQ Mark has been in use, and therefore denies the same; and states that remaining allegations contained in ¶ 54 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

55. States that the allegations contained in ¶ 55 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

56. States that the allegations contained in ¶ 56 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

57. States that the allegations contained in ¶ 57 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

58. States that the allegations contained in ¶ 58 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

59. States that the allegations contained in ¶ 59 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

60. States that the allegations contained in ¶ 60 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

61. States that the allegations contained in ¶ 61 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## FOURTH CLAIM FOR RELIEF:
### Trademark Infringement – Texas Common Law

62. Repeats and incorporates herein its responses to ¶¶ 1–61 of the Complaint as set forth above as if repeated here in their entireties.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 63 of the Complaint, and therefore denies the same.

64. States that the allegations contained in ¶ 64 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

65. States that the allegations contained in ¶ 65 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

66. States that the allegations contained in ¶ 66 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

67. States that the allegations contained in ¶ 67 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## FIFTH CLAIM FOR RELIEF:
### Unfair Competition – Texas Common Law

68. Repeats and incorporates herein its responses to ¶¶ 1–67 of the Complaint as set forth above as if repeated here in their entireties.

69. States that the allegations contained in ¶ 69 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

70. States that the allegations contained in ¶ 70 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

71. States that the allegations contained in ¶ 71 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## SIXTH CLAIM FOR RELIEF:
### Tortious Interference with Prospective Relations – Texas Common Law

72. Repeats and incorporates herein its responses to ¶¶ 1–71 of the Complaint as set forth above as if repeated here in their entireties.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 73 of the Complaint, and therefore denies the same; and further states that the allegations contained in ¶ 73 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 74 of the Complaint, and therefore denies the same; and further states that the allegations contained in ¶ 74 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

75. States that the allegations contained in ¶ 75 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

76. States that the allegations contained in ¶ 76 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

77. States that the allegations contained in ¶ 77 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same, except admits that Regus Management purports to assert a claim for tortious interference with prospective relations and to seek a judgment in the excess of the minimum jurisdictional limits of the Court.

78. States that the allegations contained in ¶ 78 of the Complaint are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same, except admits that Regus Management purports to seek exemplary damages related to tortious interference with prospective relations.

79. Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

80. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

81. Plaintiff Regus Management Group, LLC ("Regus") lacks standing to assert the First Claim for Relief against WeWork because Regus is neither the registrant of Plaintiffs' claimed HQ Mark, nor is it an exclusive licensee of the HQ Mark.

### THIRD AFFIRMATIVE DEFENSE

82. Plaintiffs' claimed HQ Mark is not protectable because "HQ" is a generic term that refers to a type of office space, namely, the "headquarters" of a company.

### FOURTH AFFIRMATIVE DEFENSE

83. Plaintiffs' claims are barred in whole or in part by the fair use defense as the term "HQ" within "HQ by WeWork" describes the nature of WeWork's services relating to sourcing, designing and building out headquarters for third-party medium-sized businesses, and thus does not constitute a trademark use.

### FIFTH AFFIRMATIVE DEFENSE

84. The claims made in the Complaint are barred, in whole or in part, on the basis that any infringement, if any, was innocent.

### WEWORK'S COUNTERCLAIM

85. Counterclaim-Plaintiff WeWork Companies Inc., ("WeWork"), by and through its attorneys, files this Counterclaim against Counterclaim-Defendants RGN-US IP, LLC ("RGN") and Regus Management Group, LLC ("Regus," and collectively with RGN, the "Counterclaim-Defendants"), alleging as follows:

### THE PARTIES

86. Counterclaim-Plaintiff WeWork Companies Inc. is a Delaware corporation, and has its principal place of business at 115 West 18th Street, 2nd Floor, New York, NY 10011.

87. On information and belief, Counterclaim-Defendant Regus Management Group, LLC is a Delaware limited liability corporation, and has its principal place of business at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

88.     On information and belief, Counterclaim-Defendant RGN-US IP, LLC is a Delaware limited liability corporation, and has its principal place of business at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

## JURISDICTION AND VENUE

89.     Personal jurisdiction exists over Counterclaim-Defendant RGN in this district because, on information and belief, RGN's principal place of business is located at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

90.     Personal jurisdiction exists over Counterclaim-Defendant Regus in this district because, on information and belief, Regus's principal place of business is located at 5305 Dallas Parkway, Suite 400, Addison, Texas 75001.

91.     On information and belief, Counterclaim-Defendants further transact business within Texas and in this judicial district by, *inter alia*, managing multiple office space locations in Texas and this district, advertising in Texas and this judicial district, operating and managing a website available in Texas and this judicial district, marketing in Texas and this judicial district, soliciting consumers in Texas and this judicial district, serving consumers from Texas and this judicial district, and/or otherwise doing business in Texas and in this judicial district, or otherwise availing themselves of the privileges and protections of the laws of Texas and this judicial district such that it does not offend traditional notions of fair play and substantial justice to subject Counterclaim-Defendants to personal jurisdiction herein.

92.     Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391 because, on information and belief, a substantial part of the events giving rise to this counterclaim occurred in this district.

93.     By filing suit in this district, Counterclaim-Defendants have waived any challenge to personal jurisdiction and venue with respect to WeWork's counterclaim.

94. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. §§ 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks).

## COUNTERCLAIM I
## CANCELLATION OF U.S. REGISTRATION SERIAL NUMBER 1,586,038

95. Counterclaim-Defendants purport to own trademark rights in U.S. Registration Serial No. 1,586,038 for design mark  (the "Claimed HQ Mark") in International Classes 35 and 36.

96. In International Class 35, the Claimed HQ Mark covers "Clerical services, copying of documents for others; employee leasing services, business networking services; cooperative advertising and marketing services; office equipment leading services; personnel management consulting services; office supplies procurement services; secretarial and clerical services; telephone answering services; and typing services."

97. In International Class 36, the Claimed HQ Mark covers "Rental of executive office space."

98. On information and belief, the Claimed HQ Mark was registered with the U.S. Patent and Trademark Office on March 6, 1990.

99. Counterclaim-Defendants do not own a trademark registration for the term "HQ" separate and apart from the logo design depicted in the Claimed HQ Mark.

100. Tellingly, Counterclaim-Defendants' corporate affiliate, HQ Network Systems, LLC ("HQ Network") only applied to register a word mark for "HQ" on August 9, 2018, after WeWork announced its "HQ by WeWork" solution.

101. Counterclaim-Defendants allege that since its registration, the Claimed HQ Mark has been in use by its prior owner (which remains the registrant of record with the U.S. Patent and Trademark Office) HQ Network and more recently has been used by Counterclaim-Defendants, in association with their respective office space services.

102. In fact, "HQ" is a generic term widely used to refer to office space, a type of office space, and/or the purpose of office space, namely, the "headquarters" of a company.

103. Further, on information and belief, "HQ" is widely used as short-hand for the generic term "headquarters," including by third parties to refer to a type of office space. Moreover, multiple well-known and widely used English language dictionaries define "HQ" as an abbreviation of "headquarters."

104. On information and belief, Counterclaim-Defendants have failed to enforce their purported rights in the claimed HQ Mark against third parties.

105. Consistent with the generic meaning of the term "headquarters," WeWork innocently decided to use the term "HQ" within the "HQ by WeWork" phrase to refer to the types of "headquarters" that WeWork could design for third-party medium-sized businesses.

106. WeWork would be harmed if it were prevented from using the "HQ by WeWork" phrase as a result of Counterclaim-Defendants' unprotectable use of the generic term "HQ." In particular, no entity, including Counterclaim-Defendants, should be allowed to monopolize the commonly used generic term "HQ" in the real estate or office space industry.

## PRAYER FOR RELIEF

WHEREFORE, WeWork respectfully requests that the Court enter an Order:

a) directing the Director of the U.S. Patent and Trademark Office to cancel the federal trademark registration Serial No. 1,586,038; and

b)  granting WeWork such other and further relief as this Court deems just and equitable.

Dated:  October 9, 2018

*/s/ Richard B. Roper*

Richard B. Roper (SB No. 17233700)
Dina W. McKenney (SB No. 24092809)
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-120
Facsimile: (214) 880-3357
richard.roper@tklaw.com
dina.mckenney@tklaw.com

Dale M. Cendali (*pro hac vice* pending)
Shanti Sadtler Conway (*pro hac vice* pending)
Hunter Vanaria (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
shanti.conway@kirkland.com

*Attorneys for Defendant and Counterclaim-Plaintiff WeWork Companies Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2018, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the Northern District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

>Yvette Ostolaza
>yvette.ostolaza@sidley.com
>Paige Holden Montgomery
>pmontgomery@sidley.com
>Mitchell Brant Feinberg
>mitchell.feinberg@sidley.com
>SIDLEY AUSTIN LLP
>2021 McKinney Ave, Suite 2000
>Dallas, Texas 75201
>(214) 981-3300 (Telephone)
>(214) 981-3400 (Facsimile

*/s/ Richard B. Roper*

Richard B. Roper (SB No. 17233700)
Dina W. McKenney (SB No. 24092809)
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-120
Facsimile: (214) 880-3357
richard.roper@tklaw.com
dina.mckenney@tklaw.com

*Attorney for WeWork Companies Inc.*