## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RGN-US IP, LLC and Regus Management Group, LLC, | § § § | |
| Plaintiffs, | § | |
| v. | § | |
| WeWork Companies Inc., | § | Civil Action No. 3:18-cv-02482-N |
| Defendant. | § § § § | |

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM, DEFENSES, AND DEMAND FOR JURY TRIAL

### I.    ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiffs RGN-US IP, LLC ("RGN") and Regus Management Group, LLC ("Regus" and collectively, "HQ" or "Plaintiffs") hereby answers Defendant and Counterclaimant WeWork Companies Inc.'s Answer, Defenses and Counterclaim ("Counterclaim") as follows:

### A.   WeWork's Counterclaim

85.    States that the allegations contained in ¶ 85 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Defendant purports to assert a counterclaim based on unspecified federal law, but denies the merits and sufficiency of the claim asserted in the Counterclaim.

### B.   The Parties

86.    Admits the allegations contained in ¶ 86.

87.    Admits the allegations contained in ¶ 87.

88.    Admits the allegations contained in ¶ 88.

## C.   Jurisdiction and Venue

89.     States that the allegations contained in ¶ 89 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that RGN's principal place of business is located at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

90.     States that the allegations contained in ¶ 90 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Regus's principal place of business is located at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001.

91.     States that the allegations contained in ¶ 91 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Plaintiffs are subject to personal jurisdiction in this judicial district.

92.     States that the allegations contained in ¶ 92 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that venue is proper in this judicial district.

93.     States that the allegations contained in ¶ 93 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that Plaintiffs are subject to personal jurisdiction and that venue is proper in this judicial district.

94.     States that the allegations contained in ¶ 94 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, admits that this Court has subject matter jurisdiction as to Defendant's Counterclaim.

### D.   Counterclaim I

95.     Admits that Plaintiff RGN is the owner of the well-known mark "HQ," including its incontestable federal-registered trademark U.S. Registration Serial No. 1,586,038 (the "HQ Mark"); and denies the remaining allegations in ¶ 95 of the Counterclaim.

96.     Admits that U.S. Trademark U.S. Registration No. 1,586,038 states that the registration is for "clerical services, copying of documents for others; employee leasing services, business networking services; cooperative advertising and marketing services; office equipment leading services; personnel management consulting services; office supplies procurement services; secretarial and clerical services; telephone answering services; and typing services," in International Class 35; and denies the remaining allegations in ¶ 96 of the Counterclaim.

97.     Admits that U.S. Trademark U.S. Registration No. 1,586,038 states that the registration is for "rental of executive office space," in International Class 36; and denies the remaining allegations in ¶ 97 of the Counterclaim.

98.     Admits that the HQ Mark was first used in commerce in 1977 and U.S. Trademark U.S. Registration No. 1,586,038 was registered with the U.S. Patent and Trademark Office on March 6, 1990; and denies the remaining allegations in ¶ 98 of the Counterclaim.

99.     Denies the allegations in ¶ 99 of the Counterclaim.

100.     Denies the allegations in ¶ 100 of the Counterclaim.

101.     Admits that Plaintiff RGN's well-known mark "HQ," including its incontestable federal-registered trademark U.S. Trademark U.S. Registration No. 1, 586,038, has been in use by RGN and its predecessors in interest since February 1, 1977, in connection with office space services; and denies the remaining allegations in ¶ 101 of the Counterclaim.

102.     Denies the allegations in ¶ 102 of the Counterclaim.

103.    Denies knowledge sufficient to form a belief as to the allegations contained in ¶ 103 of the Counterclaim, and therefore denies the same.

104.    Denies the allegations in ¶ 104 of the Counterclaim.

105.    Denies knowledge sufficient to form a belief as to the allegations contained in ¶ 105 of the Counterclaim, and therefore denies the same.

106.    States that the allegations contained in ¶ 106 of the Counterclaim are conclusions of law as to which no response is necessary, but to the extent any response is required, denies the same.

## II.    DEFENSES/AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of these defenses, HQ alleges the following defenses and/or affirmative defenses to the allegations set forth in the Counterclaim:

### A.    First Defense – Failure to State a Claim

The Counterclaim and each and every purported claim therein fails, in whole or in part, to state a claim upon which relief can be granted.

### B.    Second Defense – Laches/Acquiescence/Estoppel

The Counterclaim and each and every purported claim therein is barred, in whole or in part, under the doctrine of laches, acquiescence, and/or estoppel.  Without limiting the generality of the foregoing, Defendant has been on constructive notice of RGN's well-known mark "HQ," including its incontestable federal-registered trademark U.S. Trademark U.S. Registration No. 1,586,038, at least since the date of the publication for opposition of U.S. Trademark U.S. Registration No. 1, 586,038 on December 12, 1989.  Upon information and belief, and based upon Defendant's position as a direct competitor of HQ in the office space rentals industry,

Defendant also had actual notice of the existence of the HQ Mark and its use by HQ.  Defendant has accordingly delayed filing its claim until October 9, 2018.

### C.   Third Defense – Unclean Hands

The Counterclaim and each and every purported claim therein is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*, including, without limitation, because of Defendant's illegal use of the HQ Mark.

### D.   Fourth Defense – Failure to Mitigate

To the extent Defendant has suffered any damages (which HQ expressly denies), Defendant has failed to take reasonable steps to mitigate those purported damages.

### E.   Fifth Defense – Failure of Conditions Precedent

The Counterclaim and each and every purported claim therein is barred, in whole or in part, by the failure of Defendant to perform the conditions precedent.

### F.   Sixth Defense –Additional Defenses

Plaintiffs presently have insufficient knowledge or information upon which to form a belief whether they may have additional, unstated defenses.  On that basis, Plaintiffs reserve the right to amend this answer to assert additional defenses in the event discovery indicates that additional defenses are appropriate.

### III.   DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues triable to a jury in connection with the Counterclaim, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  October 30, 2018        Respectfully submitted,

By:    /s/ Yvette Ostolaza          
Yvette Ostolaza
State Bar No. 00784703
yvette.ostolaza@sidley.com
Paige Holden Montgomery
State Bar No. 24037131
pmontgomery@sidley.com
Mitchell Brant Feinberg
State Bar No. 24105852
mitchell.feinberg@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile:  (214) 981-3400

Rollin A. Ransom (*Pro Hac Vice*)
rransom@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Plaintiffs RGN-US IP, LLC and Regus Management Group, LLC*

---

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**        

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2018, a true and correct copy of the
foregoing was electronically filed with the Clerk of the Court for the Northern District of Texas,
using the CM/ECF system, which will send notification of such filing to the following:

Richard B. Roper
Dina W. McKenney
1722 Routh Street, Suite 1500
Dallas, Texas 75201
richard.roper@tklaw.com
dina.mckenney@tklaw.com

Dale M. Cendali
Shanti Sadtler Conway
Hunter Vanaria
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
dale.cendali@kirkland.com
shanti.conway@kirkland.com
hunter.vanaria@kirkland.com

*Attorneys for Defendant and Counterclaim-
Plaintiff WeWork Companies Inc.*

*/s/ Paige Holden Montgomery*
Paige Holden Montgomery